[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 20, 2006
THOMAS K. KAHN
CLERK

No. 06-11831
Non-Argument Calendar
_____

BIA No. A79-589-610

MOHAMMAD ZAHRUL HAQ,
HASSINA BEGUM,
AREEZ HAQ,
ZISHAN MOHAMMAD HAQ,

                                        Petitioners,

    versus

U.S. ATTORNEY GENERAL,

                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(December 20, 2006)**

Before BLACK, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Mohammad Zuhrul Haq, on behalf of himself, his wife, Hassina Begum, and his two children, Areez Haq and Zishan Mohammad Haq ("Petitioners"), petitions this court for review of the Board of Immigration Appeals's ("BIA") affirmance of the Immigration Judge's ("IJ") order of removal and denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

I.

Haq, a native and citizen of Bangladesh, entered the United States on August 24, 2000, on an immigrant visa. His wife and children entered the United States on August 6, 2000. Haq and his family remained beyond the expiration period of their visas, and, in 2004, the Department of Homeland Security ("DHS")[1] issued notices to appear, charging them with removability for remaining in the United States longer than permitted. Immigration and Nationality Act § 237(a)(1)(B); 8 U.S.C. § 1227(a)(1)(B). In 2004, Haq applied for asylum, asserting that he and his family had been persecuted on account of their religion, political opinion, and membership in a social group.[2] In the application, Haq alleged that he and his

_____

[1] The DHS replaced the INS as part of the Homeland Security Act of 2002. Pub. L. No. 107-296, 116 Stat. 2135.

[2] Haq had filed an earlier asylum application, but, during the removal hearing, claimed it was a forgery. As such, the IJ did not consider the first application in rendering his decision. It should be noted that the second asylum application was not filed until 2004, and asylum applications must be filed within one year. 8 U.S.C. § 1158(a)(2)(B). The government does not raise this issue of timeliness, however, and, as such, we will not consider it. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that this court cannot engage in fact-finding).

family had suffered harm and threats due to his affiliation with the Awami League. He further alleged that his father had been killed and his brother tortured to the point of insanity. Finally, Haq indicated that he feared he would be killed if he returned to Bangladesh.

At the removal hearing, Haq conceded removability. He then requested relief under asylum, withholding of removal, and CAT. Haq testified that his father was shot during a demonstration in 1969, that one of his siblings was tortured to the point of mental illness in 1975, and that another sibling went into hiding. In the late 1970's, Haq attended school for a nursing degree and, during this period, participated in the Awami student political movement, which opposed the government in power. When he later acquired a position with the government, Haq continued his political activities, but feared these activities would result in his imprisonment. As a result, he eventually left this position and began working for the International Center for Diarrhea Disease and Research in 1983. Haq believed he would be able to secretly continue his political involvement while holding this position because it required him to relocate approximately 100 miles from his home where he was not known. During this period, however, he continued to visit his family every few weeks. Haq testified that during one visit home in 1984, several suspicious individuals came to the door asking for him. He believed these people were members of the opposing political party. Haq fled out the back door

of the house and left with his wife for Saudi Arabia, where they lived from 1984 until 2000. During this period, Haq visited family in Bangladesh several times, including just before he entered the United States in 2000, and retained and renewed his Bangladesh passport. According to Haq, he did not enter the United States seeking asylum, but, because he overstayed his re-entry visa to Saudi Arabia and could no longer return there, he sought asylum here. Haq testified that he believes that he will be killed if he is returned to Bangladesh.

After considering the evidence, the IJ denied relief. The IJ found that Haq's testimony lacked credibility and that the petitioners failed to meet their burden with respect to their applications for asylum, withholding of removal, and relief under the CAT. Petitioners appealed to the BIA, which affirmed the IJ's decision. Although the BIA disagreed with the IJ's determination regarding Haq's credibility, the BIA found that the petitioners had not established past persecution, a well-founded fear of future persecution, or that it was more likely than not that Haq would be persecuted if returned to Bangladesh. Petitioners then initiated this petition for review.

## II.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent the BIA's or IJ's decisions were

based on a legal determination, review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual determinations are reviewed under the substantial evidence test, and we must affirm if the decision "is supported by reasonable, substantial, and probative evidence on the record as a whole." Al Najjar, 257 F.3d at 1283-84. The IJ's factual determinations, however, are reviewed under the "highly deferential substantial evidence test," which requires us to "view the record in the light most favorable to the [IJ's] decision and draw all reasonable inferences in favor of that decision." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006); Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005). We "must affirm the [IJ's] decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Al Najjar, 257 F.3d at 1284 (quoting Lorisme v. INS, 129 F.3d 1441, 1444-45 (11th Cir. 1997)). Thus, "a finding of fact will be reversed only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Id. (quotation omitted); see also Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006).

III.

To establish asylum eligibility based on political opinion or any other

5

protected grounds, the applicant must establish with credible evidence (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(b); see also Al Najjar, 257 F.3d at 1287. After meeting this burden, the Attorney General has discretion to grant asylum and this determination "shall be conclusive unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D).

Although the IJ made an adverse credibility determination with which the BIA disagreed, nonetheless relief is not warranted. Even if Haq was credible, the petitioners did not establish their eligibility for relief.

Here, petitioners failed to establish the existence of past persecution. As this court has explained, 'persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation. Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005). First, it should be noted that Haq lived in Saudi Arabia for sixteen years without seeking asylum, and he entered the United States on vacation without an intent to seek asylum. Second, the incidents Haq recounts regarding his father and brother occurred more than twenty years before he requested asylum. During those twenty years, Haq suffered no threats or physical harm either when he lived in Bangladesh or when he returned on numerous visits. Although Haq stated he was targeted and was visited at his

6

home by members of the opposing political party, Haq could not identify the individuals or the purpose of the visit. After careful review of the record as a whole, we conclude that the evidence does not compel a finding that petitioners suffered past persecution as a result of their political opinion, religion, membership in a particular social group, or any other statutorily listed factor.

Petitioners also failed to demonstrate a well-founded fear of future persecution. The standard requires that the petitioners demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. Ruiz,440 F.3d at 1257. Under the facts of this case, Haq has failed to show an objectively reasonable fear of future persecution. Id.

Finally, as petitioners have failed to satisfy the less stringent standard for asylum, it follows that their claims for withholding of removal and relief under the CAT also fail. Zheng v. United States Att'y Gen., 451 F.3d 1287, 1292 (11th Cir. 2006).

Accordingly, we **DENY** the petition for review.